UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM FRANCHI,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GRAYBUG VISION, INC., FREDERIC GUERARD, CHRISTINA ACKERMANN, ERIC BJERKHOLT, JULIE EASTLAND, DIRK SAUER, and CHRISTY SHAFFER,<br><br>　　　　　　　Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>JURY TRIAL DEMAND |

Plaintiff Adam Franchi ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Graybug Vision, Inc. ("Graybug" or the "Company") and Graybug's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to CalciMedica, Inc. ("CalciMedica").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on February 9, 2023. The Proxy recommends that Graybug stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Graybug is acquired by CalciMedica. The Proposed Transaction was first disclosed on November 21, 2022, when Graybug and CalciMedica announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which

1

CalciMedica stockholders will receive 0.4073 shares of Graybug common stock for each CalciMedica common share (the "Merger Consideration"). Graybug stockholders are expected to hold 29% of the combined company.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Graybug management, the financial analyses conducted by Piper Sandler & Co. ("Piper Sandler"), Graybug's financial advisor, as well as potential conflicts of interest faced by Piper Sandler.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Graybug's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Graybug's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Graybug.

6. Defendant Graybug is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 203 Redwood Shores, Suite 620, Redwood City, California 94065. Graybug common stock trades on the Nasdaq Global Market under the ticker symbol "GRAY."

7. Defendant Frederic Guerard has been the President, Chief Executive Officer and a director of the Company since 2019.

8. Defendant Christy Shaffer has been a director of the Company since 2015. Defendant Shaffer serves as Chairperson of the Board.

9. Defendant Christina Ackermann has been a director of the Company since 2020.

10. Defendant Julie Eastland has been a director of the Company since 2020.

11. Defendant Eric Bjerkholt has been a director of the Company since 2020.

12. Defendant Dirk Sauer has been a director of the Company since April 2022.

13. Nonparty CalciMedica is a Delaware corporation with its principal executive offices located at 505 Coast Boulevard South, Suite 307, La Jolla, California 92037.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

15. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

16. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

17.     Graybug is a clinical-stage biopharmaceutical company focused on developing transformative medicines for ocular diseases. Founded in 2011 based on technology licensed from the Johns Hopkins University School of Medicine, Graybug has offices in Redwood City, California, and Baltimore, Maryland.

18.     On November 21, 2022, the Company entered into the Merger Agreement with CalciMedica.

19.     According to the press release issued on November 21, 2022 announcing the Proposed Transaction:

> **Graybug and CalciMedica Enter into Definitive Merger Agreement**
>
> - *Merger to create Nasdaq-listed, clinical-stage biopharmaceutical company focused on advancing CalciMedica's pipeline of first-in-class product candidates for life-threatening inflammatory diseases*
>
> - *Combined company is expected to be funded with cash and cash equivalents of approximately $35 million at closing, with an expected runway into the second half of 2024*
>
> - *Phase 2b results in acute pancreatitis for lead product candidate Auxora expected in second half of 2023*
>
> - *Companies will host joint webcast on November 22, 2022, at 8:00 a.m. Eastern Time*
>
> REDWOOD CITY and LA JOLLA, CA, November 21, 2022 – Graybug Vision, Inc. (Nasdaq: GRAY) (Graybug) and CalciMedica Inc. (CalciMedica) today announced that they have entered into a definitive merger agreement to combine the companies in an all-stock transaction. The combined company will focus on further developing CalciMedica's lead product candidate Auxora™, a proprietary, intravenous-formulated, small molecule calcium-release activated calcium (CRAC) channel inhibitor, to treat life-threatening inflammatory diseases, such as acute pancreatitis (AP), asparaginase-associated pancreatitis (AAP), acute kidney injury (AKI), and acute hypoxemic respiratory failure (AHRF), for which there are no currently approved therapies. Auxora, which modulates the immune response

and protects against tissue cell injury, has been studied in four completed efficacy clinical trials, demonstrating positive and consistent clinical results, as well as a favorable safety profile. Subject to each company's stockholder approval, the combined company is expected to trade on the Nasdaq Global Market.

With approximately $35 million in cash and cash equivalents anticipated from the combined company, including a private placement financing expected to occur immediately prior to the merger closing, the combined company is expected to have a cash runway into the second half of 2024, funding the advancement of Auxora in AP and AAP through clinical milestones in 2023. The proposed merger is expected to close in the first quarter of 2023.

"After completing a comprehensive strategic review, we determined that the proposed merger with CalciMedica would provide the best return for Graybug stockholders moving forward," said Frederic Guerard, Pharm.D., Chief Executive Officer of Graybug. "The decision by our management and board of directors to select CalciMedica to be our merger partner will allow our stockholders to participate in a company with a strong clinical-stage pipeline poised to revolutionize treatment for large, underserved patient populations suffering from life-threatening inflammatory diseases worldwide."

The combined company plans to advance the development of Auxora through multiple clinical trials and anticipates the following milestones in 2023:

- **Results from an ongoing Phase 2b clinical trial (CARPO) in AP patients with systemic inflammatory response syndrome (SIRS) in second half of 2023** — CARPO is a randomized, double-blind, placebo-controlled, dose-ranging trial intended to establish efficacy in AP. It is expected to enroll 216 patients. AP can be a life-threatening condition where the pancreas becomes inflamed, sometimes leading to pancreatic cell death or necrosis, systemic inflammation, and organ failure. There are an estimated 275,000 hospitalizations for AP annually in the United States, of which approximately 40% present with SIRS, which can compromise the function of other tissues or organs, including the lungs, and is responsible for much of the mortality seen in AP. Details of the CARPO trial are available on clinicaltrials.gov (NCT04681066).

- **Results from an ongoing investigator-sponsored Phase 1/2 clinical trial (CRSPA) in pediatric patients who develop AAP as a result of treatment with asparaginase for their underlying acute lymphoblastic leukemia (ALL) in first half of 2023** — CRSPA is a Phase 1/2 trial being conducted in pediatric patients with AAP, which is acute pancreatitis resulting from the administration of asparaginase. Treatment with asparaginase triggers the development of AAP in 7-10% of patients with ALL, with more than half of those patients developing pancreatic necrosis. CalciMedica believes that the CRSPA trial has defined an optimal pediatric

dose and plans to meet with the U.S. Food and Drug Administration in the first half of 2023 to determine the path forward for a potential accelerated approval of Auxora. Details of the CRSPA trial are available on clinicaltrials.gov (NCT04195347).

"I'm extremely pleased to announce this proposed merger with Graybug, which comes at a pivotal time for our company," said Rachel Leheny, Ph.D., Chief Executive Officer of CalciMedica. "This transaction will provide us with the financial strength to advance the development of our lead candidate, Auxora, in life-threatening inflammatory illnesses. We have multiple value-driving milestones expected over the next 12 months, including data from our Phase 2b CARPO clinical trial in patients with AP and potential path to accelerated approval for Auxora in AAP. At CalciMedica, we are focused on delivering novel therapies that target CRAC channel inhibition to underserved patients with life-threatening inflammatory diseases for which no approved therapies exist. This transaction serves as a significant next step in the advancement of our important mission."

**About the Proposed Transaction, Management and Organization**

Graybug equity holders are expected to collectively own approximately 29% of the combined company, and pre-merger CalciMedica equity holders are expected to collectively own approximately 71% of the combined company, in each case, on a fully diluted basis using the treasury stock method. The percentage of the combined company that Graybug's equity holders will own as of the close of the transaction is subject to certain adjustments as described in the merger agreement, including an adjustment based on the amount of Graybug's net cash at closing.

Following the merger, the combined company will be headquartered in La Jolla, California and Rachel Leheny, PhD, will serve as Chief Executive Officer of the combined company. The merger agreement provides that the board of directors of the combined company will be composed of seven members, five selected by CalciMedica and two selected by Graybug.
The merger agreement has been unanimously approved by the boards of directors of both companies and is subject to the approvals by the stockholders of each company and other customary closing conditions.

B. **The Materially Incomplete and Misleading Proxy**

20.     On February 9, 2023, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information,

Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

21. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Piper Sandler's fairness opinion, Piper Sandler reviewed "certain information, including financial forecasts relating to the estimated cash usage of Graybug, as well as financial forecasts relating to the business, earnings, cash flows, assets, liabilities and prospects of CalciMedica on a standalone basis." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Graybug's management provided to the Board and Piper Sandler.

22. Notably, Defendants failed to disclose: (a) CalciMedica's non-probability of success adjusted financial forecasts; and (b) the line-item entries forming the basis of CalciMedica's forecasted EBITDA and Unlevered Free Cash Flow.

23. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Piper Sandler's Financial Analyses*

24. With respect to the *Discounted Cash Flow Analysis,* of CalciMedica, the Proxy fails to disclose: (a) the key inputs, data, and assumptions forming the basis of the range of discount rates applied by Piper Sandler; and (b) the implied number of shares of Graybug common stock expected to be issued in the Proposed Transaction, as determined by Piper Sandler.

25. With respect to the *Selected Public Companies Analysis* and S*elected IPOs Analysis,* the Proxy fails to disclose the specific financial metrics and multiples for the companies and IPOs respectively examined by Piper Sandler.

> ***Materially Incomplete and Misleading Disclosures Concerning Piper Sandler's Potential Conflicts of Interest***

26.     The Proxy fails to disclose material information concerning potential conflicts of interest by Piper Sandler, namely a description of services Piper Sandler has rendered to CalciMedica (if any) in the two years preceding the date of the fairness opinion and the amount of compensation (if any) Piper Sandler received for any such services.

27.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

28.     In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

29.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

30.     Further, the Proxy indicates that on November 21, 2022, Piper Sandler reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view to Graybug stockholders.

Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Piper Sandler's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

31. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

33. Defendants have filed the Proxy with the SEC with the intention of soliciting Graybug stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

34. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Graybug, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

35. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make

the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

36. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Graybug shares and the financial analyses performed by Piper Sandler in support of its fairness opinion; and (iii) Piper Sandler's potential conflicts of interest.

37. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Piper Sandler reviewed and discussed its financial analyses with the Board on November 21, 2022, and further states that the Board considered Piper Sandler's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

38. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

40.     The Individual Defendants acted as controlling persons of Graybug within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Graybug and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

41.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

43.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants

reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

44. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Graybug stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 17, 2023      **ROWLEY LAW PLLC**

               *S/ Shane T. Rowley*
               Shane T. Rowley (SR-0740)
               Danielle Rowland Lindahl
               50 Main Street, Suite 1000
               White Plains, NY 10606
               Tel: (914) 400-1920
               Fax: (914) 301-3514
               Email: srowley@rowleylawpllc.com
               Email: drl@rowleylawpllc.com

               *Attorneys for Plaintiff*